FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP - 3 2013

JAMES N. HATTEN, Clerk
By: /s/ Cheryl _____ Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION



| | |
|---|---|
| Myra Calhoun, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) CASE NUMBER: 1:13-CV-2954 |
|  | ) |
| EPS Corporation | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an employment discrimination action brought by Myra Calhoun to recover damages against EPS Corporation for the violation of Plaintiff's rights including Age Discrimination and Retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. ("ADEA").

## PARTIES

2. Plaintiff, Myra Calhoun, a former employee of (EPS), resides at 5149 Westbrook Road, Hephzibah, Georgia 30815.

3. Defendant, EPS Corporation's principal place of business and headquarters is 78 Apple Street, Tinton Falls, New Jersey 07724.

4. EPS Corporation does business in Georgia and their agent for service of process in Georgia is Business Filings Incorporated, and may be served at 11201 Peachtree Street, N.E., Atlanta, Georgia 30361.

5. The actions that formed the basis of this complaint occurred at Fort Gordon, Georgia.

## JURISDICTION

6. This is an action involving subject matter jurisdiction and a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. section 623 (a) (1), (2), (c) (1-3), and retaliation in violation of 29 U. S. C. 623 (d) by discharging Plaintiff following a charge of Age Discrimination.

7. Jurisdiction and Venue are proper in the United States District Court Northern District of Georgia pursuant to 28 U.S.C. 1391 (c) (2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed her discrimination and retaliation complaint with the U.S. Equal Employment Opportunity Commission (EEOC) which found in her favor on the retaliation claim and issued a "Right to Sue Letter" on August 21, 2013 (See Exhibit "A").

## FACTUAL ALLEGATIONS

9. Defendant EPS is a private company and government contractor providing support services to the United States Army at Fort Gordon Georgia and elsewhere.

10. Plaintiff was an employee of EPS from August 2009 to June 10, 2011.

11. While employed by EPS Plaintiff continually met or exceeded employer expectations.

12. Prior to Plaintiff's discharge she received a rating of excellent on her scored performance evaluations. (See attached as Exhibit "B")

13. Fred C. Andrews, TDB Network Team Lead, gave the Plaintiff a positive performance review in 2010 for her instructing at TDB. (See attached as Exhibit "C")

14. Michael Martinez, Branch Chief of the Army training and development hardware team,

thanked Plaintiff for her "hard work" and for "representing the team in a positive light" on April 4, 2011 (See attached as Exhibit "D").

15. Sam Johnson notified Wayne Anderson of Plaintiff's "outstanding job," on April 4, 2011 (See attached as Exhibit "D").

16. Several employees of EPS, performing essentially the same duties of Plaintiff were considerably younger and less experienced than Plaintiff, who was over the age of 40 (age 52); and the younger employees received pay increases or bonus payments in 2010, which were not provided to Plaintiff.

17. One of those employees, Michelle Kurki, was 26 years old, with less than a year experience, admitted her evaluations were not as high as Plaintiff but received an $8,000.00 annual raise in 2010.

18. Another younger less experienced employee, Brandy Gates, also received a pay raise in 2010 and was under age 40, compared to Plaintiff, age 52.

19. Plaintiff made inquiries to EPS personnel concerning the unfair refusal of the Defendant EPS to provide the same raises offered to younger and less experienced co-workers in the same office, performing the same work, but no action was taken to rectify the inequity.

20. Plaintiff filed a formal age discrimination complaint with the EEOC in May 2011.

21. Plaintiff's filing of her ADEA complaint is protected EEOC activity.

22. EPS illegally retaliated based on Plaintiff's formal ADEA complaints.

23. EPS was aware of the Plaintiff's EEOC complaint on June 9, 2011.

24. On June 10, 2011 Plaintiff was given formal notification of her discharge from EPS (See attached as Exhibit "E").

25. Plaintiff was discharged in June 2011 because of her ADEA Claim filed in May 2011.

26. Plaintiff amended her formal Complaint of Age discrimination to include the retaliatory firing of Plaintiff by Defendant.

27. No reason for the Plaintiff's discharge was stated in Plaintiff's formal notification of discharge.

28. Plaintiff's final day of employment with EPS was June 10, 2011 and she has been unemployed since that date.

29. Plaintiff works in a narrow field of expertise.

30. EPS has a policy that encourages and incentivizes workers to deploy overseas; once an employee completes the necessary training and pre deployment requirements, he or she can deploy overseas with a significant income increase, much of which is tax free.

31. Plaintiff and Michelle Kurki were informed by EPS that both would be deployed in October 2011 if they completed all the requirements for deployment.

32. Plaintiff relied to her detriment on that promise and completed much of the training and other pre deployment requirements as of June 2011 for a deployment that the Defendant and Plaintiff anticipated for October 2011.

33. In Plaintiff's case, if she was deployed overseas as anticipated by Defendant, she would have an increase in pay to $12,500 per month with $7,833.00 of that tax free, beginning in October 2011 the time of her preplanned deployment.

34. Defendant, EPS, in fact, deployed another female, Michelle Kurki, October 2011, from the Fort Gordon office of Defendant.

35. Plaintiff knows of no reason she would not have deployed except for the retaliatory firing of Plaintiff in June 2011.

36. Plaintiff lost work and income as a result of her termination of employment from EPS

discharge; despite considerable effort to find replacement work in her specialized field, Plaintiff has not obtained work since.

37. Plaintiff's improper termination stigmatized Plaintiff in the Fort Gordon contractor community of similar work opportunities and adversely affects her future prospects for work.

38. The above described retaliation was done to dissuade the Plaintiff and others from engaging in ADEA or EEOC activity against Defendant.

39. EPS willfully retaliated against the Plaintiff.

40. EPS acted with malice and reckless indifference to Plaintiff's federally protected rights.

41. Plaintiff is entitled to compensatory and punitive damages as a result of EPS's retaliation.

42. Plaintiff is entitled to back pay as a matter of right.

43. Plaintiff is entitled to front pay for the future income she will lose by not being reinstated.

44. Plaintiff is entitled to prejudgment interest.

45. Plaintiff is entitled to liquidated damages in an amount equal to twice Myra Calhoun's back pay losses as authorized by the ADEA.

46. Plaintiff is entitled to costs and attorney fees to pursue this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that she be:

(a) awarded compensatory damages;

(b) awarded back pay from the date she was terminated;

(c) awarded liquidated damages in an amount equal to twice Myra Calhoun's back pay losses as authorized by the ADEA;

(d) awarded prejudgment interest;

(e) "front pay" for the future income she will lose if she is not reinstated;

(f) awarded punitive damages;

(g) awarded reasonable attorney fees and costs and;

(h) requests such other and further relief as this Honorable Court may provide

## JURY DEMAND

Myra Calhoun demands a trial by jury on all the issues in this action that are triable by law.

This the 30th day of August, 2013.

Respectfully submitted,

Chuck R. Pardue
Attorney for Plaintiff
Georgia Bar No. 561212

211 Bobby Jones Expressway, Suite A
Martinez, Georgia 30907
(706) 823-2000 Fax (706) 722-0149